The STATE, ex rel. DRAISS, Appellant,

v.

DRAISS, Appellee.

[Cite as *State, ex rel. Draiss, v. Draiss* (1990), 70 Ohio App.3d 418.]

Court of Appeals of Ohio,
Medina County.

No. 1899.

Decided Nov. 21, 1990.

*Michael K. Lyons,* Assistant Prosecuting Attorney, for appellant.

*Gregory W. Happ,* for appellee.

REECE, Presiding Judge.

Phyllis Draiss, through the state of Ohio, Medina County Prosecutor, appeals the judgment of the trial court modifying Emerson Draiss's child support obligation as of November 11, 1989.

Phyllis filed a complaint for divorce on October 22, 1986, which was eventually granted on May 20, 1988. Phyllis received custody of the couple's

two minor children, and Emerson was ordered to pay child support of $40 per week per child.

On March 15, 1989, Phyllis moved the court for modification of child support, claiming changed circumstances, and an initial hearing date was set for April 26, 1989. Although both parties were present, this date was continued because the court's referee did not have time to hold the hearing. On July 12, 1989, Phyllis moved the court for an order setting a "pretrial" hearing on her modification motion for August 2, 1989, which the court granted. The hearing was had before the court's referee, who issued a recommendation on August 3, 1989, stating that the parties were attempting to resolve the matter, and that a further hearing date would be set, if necessary.

On September 13, 1989, Phyllis requested that another hearing be held on October 4, 1989, and the court so granted. Hearing was had before the referee, but Phyllis was not present. Emerson moved the court to dismiss Phyllis's motion based upon her unavailability, and the referee made a recommendation to that effect on October 17, 1989. By judgment entry dated October 27, 1989, the court determined that Phyllis had been hospitalized, and had not received notice of the hearing, and that the parties had agreed that Emerson's motion to dismiss be withdrawn, and that the hearing be continued to November 8, 1989.

On November 7, 1989, Emerson moved the court to continue the hearing, based upon his counsel's unavailability. The court continued the hearing until November 29, 1989.

Strangely, the referee's recommendation, filed January 8, 1990, notes that the matter was heard on November 11, 1989, and that both parties were present and represented by counsel. The referee found a change in circumstances, based upon the emancipation of one child, and recommended a new support order at $60 per week for the remaining minor child. The referee further recommended, without explanation, that support should not be retroactive, but rather effective as of the "date of final order in this matter."

On January 14, 1990, Phyllis filed an objection to the referee's report, noting that the hearing was held on December 11, 1989, and claiming that the referee erred by failing to give retroactive effect to the modified support order. On March 9, 1990, the court issued its findings and order. Among the findings was that although the November 8, 1989 hearing on Phyllis's motion was continued until November 29, 1989, "in some manner the hearing was actually held on November 11, 1989." The court determined that, based upon the history of the motion, and in fairness to the parties and considering the

multiple hearing dates set, that the modified support obligation should be retroactive only until November 11, 1989.

Phyllis appeals, asserting three related assignments of error.

### Assignments of Error

"I.   The court erred in failing to make the modification of child support retroactive to the date plaintiff's motion to modify support was filed.

"II.   The court erred in failing to make a specific determination of when, after plaintiff's motion to modify support was filed, the circumstances existed that warranted the court's modification of support; and the court failed to make the modification of support retroactive to the earliest of either (1) the date the motion to modify support was filed, or (2) the date, after the motion to modify support was filed, the modification would have been justified by the circumstances of the parties.

"III.   The court committed prejudicial error under the circumstances of this case in failing to make the modification of support retroactive to at least the date of the first scheduled hearing on plaintiff's motion to modify child support."

Phyllis does not argue each error assigned separately, but rather addresses them collectively.   We shall do likewise.

In *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030, the Ohio Supreme Court determined that an abuse of discretion standard is properly applied by an appellate court in reviewing matters concerning child support.   Abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable.   See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 483, 450 N.E.2d 1140, 1142.   Thus, we must review the facts and circumstances of this case to determine whether the court abused its discretion.

■   Phyllis claims that the court abused its discretion by failing to order the modification of child support retroactive to March 15, 1989, the day she filed her motion to modify child support.   In the alternative, Phyllis suggests that the child support modification should be made retroactive no later than April 26, 1989, the first scheduled hearing date.

Phyllis relies on the holding in *Murphy v. Murphy* (1984), 13 Ohio App.3d 388, 389, 13 OBR 471, 472, 469 N.E.2d 564, 566, that parties to a child support modification order are entitled to have the order relate back to the date upon which the motion for modification was filed, as "any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations."   In *Carson*

*v. Carson* (July 12, 1989), Summit App. No. 14023, unreported, 1989 WL 77214, this court found *Murphy, supra,* persuasive, and followed its holding in a case challenging the retroactivity of a child support modification order.

Based upon the facts in the case *sub judice,* it is appropriate to apply the *Murphy* and *Carson* holdings to this matter. Accordingly, absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested.

The court below determined that November 11, 1989 was the correct date for retroactive application of the modification support order, departing from the referee's recommendation that the order not be effective until the date of the trial court's final entry. This date, however, appears to have been chosen almost randomly. Although the referee's report noted that the hearing on Phyllis's modification motion was held on November 11, 1989, Phyllis states, both in her objection to the referee's report and in her brief to this court, that the hearing was actually held on December 11, 1989. Nothing in the record, save the referee's report, supports the court's finding that "in some manner, the hearing was actually held on November 11, 1989." Even Emerson, proceeding *pro se* in a letter to this court filed in the record, agrees that Phyllis's statement of the facts is correct, and that the hearing thus occurred on December 11, 1989.

Accordingly, because the November 11, 1989 date fails to coincide with any significant event in this litigation, we find that the trial court abused its discretion by arbitrarily assigning this date as the terminus for retroactive application of the modified support order. While there may exist some circumstance of sufficient moment to indicate a retroactive date other than the day of filing, this decision is before the trial court upon our remand. The errors assigned are in part well taken.

Based upon the foregoing, the judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this decision and law.

*Judgment reversed*
*and cause remanded.*

BAIRD and CIRIGLIANO, JJ., concur.