OPINION
Defendant-appellant, William R. Gillem, appeals a divorce decree and shared parenting decree issued by the Clermont County Court of Common Pleas, Domestic Relations Division.
Appellant married plaintiff-appellee, Barbara Gillem, in 1968. One child was born during the marriage in 1980. Appellee filed for divorce on December 15, 1994. Appellant filed an answer and counterclaim on January 3, 1995. The parties reached a settlement agreement immediately before trial was scheduled to begin on January 23, 1996. The terms of the settlement agreement where read into the record. Despite the settlement agreement, appellant subsequently refused to sign the divorce and shared parenting decrees. Appellant's attorney withdrew from the case on March 12, 1996. On March 18, the trial court filed the divorce decree and shared parenting decree without appellant's signature. On May 13, appellant filed a notice of appeal from the divorce and shared parenting decrees. After holding an evidentiary hearing, this court overruled appellee's motion to dismiss the appeal as untimely.[1]
On appeal, appellant sets forth twelve assignments of error. Appellant's first assignment of error reads as follows: "The court erred in ruling that child support should be paid by a person who was not a natural or adoptive parent and had not been given a trial and proven guilty." Appellant complains that the trial court forced him into "involuntary servitude" in violation of the Thirteenth Amendment to the United States Constitution by issuing the shared parenting decree. This court disagrees.
During the parties' marriage, appellee gave birth to a child conceived by means of non-spousal artificial insemination. It is undisputed that appellant is not the biological father of the child, but appellee was prepared to prove that appellant consented to the artificial insemination through her own testimony and the testimony of the physician that performed the artificial insemination, Dr. Clarence McClain. The trial was canceled, however, because the parties reached a settlement agreement. After the terms of the settlement agreement were read in open court, appellant stated on the record that he was the father of the child.
A husband is presumed to be the father of any child born during the marriage. R.C. 3111.03(A)(1). This presumption can only be rebutted by clear and convincing evidence. R.C. 3111.03(B). Instead of challenging this presumption, appellant voluntarily agreed to paternity in open court. Under these circumstances, the trial court did not err in issuing the shared parenting decree that called for appellant to make child support payments. Appellant's first assignment of error is overruled.
Appellant complains under his second assignment of error that the trial court erred "in ruling that child support should start almost 30 days before the ruling was issued." Appellant is apparently upset because the trial court did not file the shared parenting decree until March 18, 1996, although the decree provides that appellant's support obligation became effective January 23, 1996, the date the parties reached their settlement.
The trial court properly made appellant's child support obligation retroactive to the date of the parties' agreement. See State ex rel. Draiss v. Draiss (1990), 70 Ohio App.3d 418, 421
(absent some special circumstance, trial court order modifying child support should be retroactive to the date the modification was first requested). Appellant suggests that a child support order applied retroactively constitutes an "ex post facto law" in violation of Article 1, Section 10 of the United States Constitution. Appellant offers absolutely no authority for this proposition, and this court disagrees with his constitutional interpretation. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant states: "The court erred in the collection of child support by threat and by not following the law and issuing withholding orders for a period of six months after the child support orders were issued." Appellant complains that the trial court issued a temporary child support order on January 17, 1995, but did not issue a withholding notice to his employer until June 28, 1995. This court has reviewed the record and can find no error with the trial court's withholding order. Moreover, appellant has not come forward with any indication that he was prejudiced by any delay in issuing the notice. Appellant's third assignment of error is overruled.
Appellant's fourth assignment of error reads as follows: "The court erred when it divided initial funds unequally, when records showed the plaintiff had more than sufficient [sic] to live on, while the defendant was being supported by others." This argument is not well-taken.
A trial court has broad discretion to distribute the property of the parties to a divorce. See R.C. 3105.171(B). The division of marital property must be equal unless an equal division would be inequitable. R.C. 3105.171(C). Here, the parties had established a $63,000 joint bank account with the proceeds from the sale of the marital residence. By January 23, 1996, there was about $55,500 in the account. On January 23, 1996, the parties agreed to divide that account with a $4,100 offset in appellant's favor. Appellant, therefore, received about $31,850, about half of the assets originally placed in the joint bank account. Both parties stated in open court that they were aware of no other unaccounted for assets. The evidence indicates that the divorce decree divided the parties' property equally, and appellant has pointed to nothing in the record that would indicate that the property division was inequitable. The trial court did not err in adopting the parties' January 23 agreement with regard to the division of marital property. Appellant's fourth assignment of error is overruled.
Appellant complains in his fifth assignment of error that the trial court "erred when not allowing either plaintiff or defendant into the court room during the first three hearings and not requiring those hearings to be recorded." Appellant, however, has pointed to nothing in the record that would indicate that the trial court deprived him of an opportunity to appear in court at any time. Appellant's fifth assignment of error is overruled.
Appellant's sixth assignment of error reads as follows: "The court erred in the allowance of the use of an ex post facto law concerning artificial insemination and the admission of non-parentage of the defendant by the plaintiff and her attorney." Appellant's argument here is unclear, but appellant may be arguing that the trial court improperly relied upon certain statutes involving non-spousal artificial insemination. See R.C. 3111.30 to R.C. 3111.38.
Appellee's artificial insemination occurred before the above statutes were enacted in 1986. However, regardless of whether the artificial insemination statutes are applicable here, there is no indication that the trial court relied on the statutes. The trial court simply entered the shared parenting agreement the parties adopted in open court on January 23, 1996. Appellant's sixth assignment of error is overruled.
Appellant's seventh assignment of error provides: "The court erred in the allowance of continuation of child support after the juvenile court had taken custody of the child and informed the defendant-appellee [sic] that he had no right to custody of the child just because the plaintiff-appellant [sic] had deserted her and the child was locked up in juvenile detention." This court disagrees.
Apparently the parties' child was detained by juvenile authorities for a brief period as a result of a delinquency charge. Appellant is confusing the detention of a child by juvenile authorities with legal custody of the child. The trial court did not err by not terminating appellant's support obligations simply because juvenile authorities placed his daughter in detention. Appellant's seventh assignment of error is overruled.
Appellant's eighth assignment of error reads as follows:
 The court erred in the issuance of a final decrees [sic] when it had been informed by the non-signing defendant-appellee [sic] in person that he had been coerced with implications of conspiracy of both attorneys and the court itself as admitted by one of the attorneys and the subsequent firing of that same attorney for possible criminal actions.
Appellant is apparently arguing that the parties' attorneys conspired to coerce him into accepting the settlement agreement on January 23, 1996. Relevant provisions of the settlement agreement were read into the record, however, and both parties stated in open court that they accepted the settlement agreement. The trial court had the opportunity to observe appellant when he agreed to the settlement. The trial court also had the opportunity to observe appellant on March 12, 1996, when he claimed that his attorney forced him to agree to the settlement. The trial court obviously did not believe that the settlement agreement was the product of coercion, undue duress, or conspiracy. That conclusion is not against the manifest weight of the evidence. Appellant's eighth assignment of error is overruled.
Under his ninth assignment of error, appellant states:
 The court erred when issuing the final decrees and not sending notice to the defendant-appellee [sic], when the court knew of the firing of the defendant-appellees [sic] attorney three days before it signed these orders. The court subsequently found the defendant-appellee [sic] in contempt of court for not obeying orders that he had no knowledge of.
The contempt finding appellant complains of was apparently entered after appellant filed his notice of appeal in this case. The propriety of that contempt finding is not before this court. Therefore, this court will not rule on appellant's ninth assignment of error.
Appellant's tenth assignment of error provides: "The court erred when issuing the final decrees which stated that the defendant-appellant had agreed to the conditions set within and issued incomplete documents." Appellant continues: "Any document that refers to another document that does not exist and still does not exist after more than (8) eight months later, that is made into an order is not only a flagrant violation of State and Federal FRAUD laws as well as that individuals [sic] human rights." (Capitalization in original.)
Once again, this court does not completely understand appellant's argument. As this court has stated, however, the trial court did not err in issuing the final decrees at issue based upon the settlement appellant agreed to in open court. Appellant's tenth assignment of error is overruled.
Appellant's eleventh assignment of error provides: "The court erred by forcing the collection of child support funds thru immediate payment and not by collection thru payroll deduction and by stating that in spite of the law, that this should be done." Appellant is again apparently complaining of actions taken since he filed this appeal. The issue is not before this court, and this court will not rule on appellant's eleventh assignment of error.
Finally, appellant complains in his twelfth assignment of error that the trial court erred in granting appellee a divorce "because she had never proven that the defendant-appellee [sic] had met grounds for divorce." This argument is not well-taken.
Incompatibility is a ground for divorce. R.C. 3105.17. Both parties testified that they were incompatible. The divorce was granted to both parties on that basis. Appellant's twelfth assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] The trial court sent copies of its decrees to appellant's former attorney instead of appellant himself.