DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff Verniece Sprankle has appealed from an order of the Medina County Common Pleas Court, Domestic Relations Division, that modified her obligation to pay child support for her two minor children who were residing with her ex-husband, defendant John W. Sprankle. She has argued: (1) that the trial court incorrectly ordered that the modification be retroactive to a date before Mr. Sprankle moved the court to modify the child support award; and (2) that the trial court incorrectly included her share of Mr. Sprankle's disability retirement benefits in her gross income for purposes of calculating her child support obligation. This Court affirms the trial court's judgment because: (1) the trial court did not exceed its authority by ordering that the modification relate back to the date of the change in circumstances; and (2) her share of the monthly benefits qualifies as part of her "gross income" as that term is defined in Section 3113.21.5(A)(2) of the Ohio Revised Code.
 I.
Mr. and Mrs. Sprankle were married for twenty-three years and had three children during their marriage. On April 1, 1991, the trial court granted them a divorce from each other, but reserved its judgment on several issues including the division of property and the allocation of parental rights and responsibilities. On July 2, 1992, the trial court issued its final order, which included an award to Mrs. Sprankle of $708.42 of Mr. Sprankle's monthly pension benefits, which had not yet become payable. The trial court also designated Mr. Sprankle as the residential parent of the couple's three minor children. At that time, the court did not order Mrs. Sprankle to pay child support because her annual income averaged only $6000, while Mr. Sprankle's average annual income was over $55,000. On March 20, 1996, the trial court modified the child support award and ordered Mrs. Sprankle to pay $50 per month in child support.
On November 1, 1995, Mr. Sprankle began receiving disability retirement benefits from the State Teachers Retirement System of Ohio ("STRS"). Apparently, he had become disabled and was no longer working. On March 12, 1996, Mrs. Sprankle moved the trial court for an order that Mr. Sprankle provide her with her share of his monthly STRS benefits pursuant to the divorce decree. Mr. Sprankle maintained that Mrs. Sprankle was not yet entitled to any part of the STRS payments because they represented disability income, not retirement benefits. On September 4, 1996, the magistrate found that the STRS benefits were subject to division under the divorce decree. The court ordered that Mr. Sprankle pay Mrs. Sprankle $708.42 of his monthly benefits, retroactive to November 1, 1995.
On September 9, 1996, Mr. Sprankle moved the trial court to modify its prior award of child support, contending that his income had decreased significantly because he had gone on disability and because the court had ordered him to pay Mrs. Sprankle a large part of his monthly benefits. He further asserted that Mrs. Sprankle's income had increased substantially since the divorce. The matter was referred to a magistrate for a hearing. The magistrate found that there had been a substantial change of circumstances because Mrs. Sprankle's average annual income, including her share of the STRS benefits, had increased to $28,877, while Mr. Sprankle's income had decreased to $31,324. The magistrate recommended that the prior order be modified to require Mrs. Sprankle to pay monthly child support of $238.08 per child. The magistrate further recommended that the modification be retroactive to September 9, 1996, the date Mr. Sprankle moved the trial court for modification.
Both parties filed objections to the magistrate's report. Mr. Sprankle argued, among other things, that the modification should be retroactive to November 1, 1995, the date he began receiving STRS benefits and the effective date of the court's order that he share those benefits with Mrs. Sprankle. Mrs. Sprankle argued that the magistrate had incorrectly included her share of the STRS benefits in her income for purposes of calculating child support. The trial court overruled all objections except Mr. Sprankle's assertion that the modification should be retroactive to the date of the changed circumstances. The magistrate's report was adopted except as to the proposed effective date. The trial court ordered that the modification be retroactive to November 1, 1995. Mrs. Sprankle timely appealed to this Court.
 II. A.
Mrs. Sprankle's first assignment of error is that the trial court incorrectly ordered that the modification of child support be retroactive to November 1, 1995, more than ten months before Mr. Sprankle moved the trial court to modify its prior child support order. She has argued that the court had no authority to retroactively modify its award to a date before Mr. Sprankle moved for modification. Mrs. Sprankle has cited no authority on this specific issue, but instead relies on the general rule of retroactive modification of child support. Generally, an order that grants a motion for modification of child support will relate back to the date upon which the motion was filed. See, e.g.,State ex rel. Draiss v. Draiss (1990), 70 Ohio App.3d 418, 421;Murphy v. Murphy (1984), 13 Ohio App.3d 388, 389. This Court follows the general rule that, "absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested."Draiss, supra. This general principle is based on equity, recognizing that considerable time may pass between the date a motion to modify child support is filed and when the court disposes of it. See Murphy, supra.
Mrs. Sprankle has asserted that, because there is no specific case law to support the trial court's action, the trial court was without authority to retroactively modify the child support obligation to a date before Mr. Sprankle requested the modification. This Court is not persuaded by her argument. The Ohio Revised Code implicitly recognizes a trial court's authority to retroactively modify non-delinquent child support obligations to a date before the motion was filed.[1] Section 3113.21(M) of the Ohio Revised Code provides, in part:
 (3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment.
 (4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered.
Section 3113.21(M)(4) explicitly authorizes the trial court to retroactively modify a child support order to the date the motion is filed. See Hamilton v. Hamilton (1995), 107 Ohio App.3d 132,139. If this Court were to read this section in isolation, it might conclude that Section 3113.21(M)(4) sets forth the full extent of the trial court's authority to retroactively modify a child support order. Section 3113.21(M)(4), however, must be interpreted in context along with Section 3113.21(M)(3), which immediately precedes it. See State v. Wilson (1997), 77 Ohio St.3d 334,336. Reading these two sections together, it is apparent that Section 3113.21(M)(3) confines the trial court's authority, as to delinquent child support obligations, to the parameters set forth in Section 3113.21(M)(4). The inclusion in Section 3113.21(M)(3) of only "delinquent" support obligations implies a legislative intent to exclude non-delinquent or current support obligations from this restriction. See Montgomery Cty.Bd. of Commrs. v. Pub. Util. Comm. (1986), 28 Ohio St.3d 171, 175. The trial court's authority to retroactively modify non-delinquent child support obligations, therefore, is not restricted to the terms of Section 3113.21(M)(4). Otherwise, Section 3113.21(M)(3) would be of no effect. By implication, the legislature recognized that trial courts have greater power to retroactively modify current child support obligations.
The trial court's deviation from the general rule here was not arbitrary or unreasonable. On November 1, 1995, Mr. Sprankle began receiving STRS disability benefits. On March 12, 1996, Mrs. Sprankle moved the trial court for an order that Mr. Sprankle provide her with $708.42 from his monthly benefits. It was Mr. Sprankle's position that the monthly benefits he was receiving were disability income, not retirement, and that Mrs. Sprankle had no entitlement to any part of them. It was not until September 4, 1996, that the magistrate rejected Mr. Sprankle's argument and ordered that he pay Mrs. Sprankle $708.42 per month, retroactive to November 1, 1995. Mr. Sprankle immediately moved the court for modification of Mrs. Sprankle's child support obligation. The trial court apparently found that there was a "special circumstance" to justify deviating from the general rule. SeeDraiss, supra. The trial court, therefore, made the order retroactive to November 1, 1995, the date that coincided with the change of circumstances. See id. This Court cannot say that it abused its discretion in doing so. See id. at 420. Mrs. Sprankle's first assignment of error is overruled.
 B.
Mrs. Sprankle's second assignment of error is that the trial court incorrectly included her share of Mr. Sprankle's monthly STRS benefits in her annual income for purposes of calculating child support. She has argued that these disbursements from Mr. Sprankle to her are not considered "income" for tax purposes and, therefore, they do not qualify as income for child support purposes. Whether Mrs. Sprankle must pay income tax on her share of the monthly benefits, however, has no bearing on whether the $708.42 she receives each month qualifies as income for purposes of calculating her child support obligation.
Section 3113.21.5(A)(2) of the Ohio Revised Code broadly defines a parent's gross income for purposes of child support calculation: "`Gross income' means, except as excluded in this division, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes, but is not limited to, income from * * * pensions[.]" The type of payments at issue are not among those that are explicitly excluded from the statute's definition of gross income. Section 3113.21.5(A)(2) has been interpreted as requiring the trial court to include as income the monthly payment a parent receives, pursuant to a divorce decree, as her share of her former spouse's pension benefits. See McQuinn v. McQuinn
(1996), 110 Ohio App.3d 296, 300-301.
The trial court correctly included Mrs. Sprankle's $708.42 share of the monthly STRS benefits as part of her income when it calculated her child support obligation. Mrs. Sprankle's second assignment of error is overruled.
 III.
Mrs. Sprankle's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
SLABY, P. J.
BAIRD, J.
CONCUR.
[1] Because there is nothing in the record to suggest that there was a delinquency, this Court concludes that the payments were current.