OPINION
Defendant-appellant, Gary Wayco, appeals the September 22, 1998, Judgment Entry of the Stark County Court of Common Pleas which set July 1, 1998, as the effective date for a reduction in the child support obligation being paid by defendant-appellant after the Magistrate had recommended that the reduction be effective February 1, 1998 (the approximate date of the filing of the Motion for Reduction). Plaintiff-appellee is Lynette Wayco, the obligee on the child support obligation.
 STATEMENT OF THE FACTS AND CASE
The parties were divorced on October 26, 1994 after a marriage of approximately nine (9) years. Appellee was designated the residential parent for the two (2) minor children subject to supervised visitation by the appellant. Appellant was ordered to pay $585.00 per month per child for child support. The yearly gross incomes were found to be $30,000.00 for the appellee and $56,529.00 for the appellant. No child support guideline worksheet was attached to the Decree of Divorce. (Application of the current guidelines to the income figures of the parties would have resulted in a support obligation of $405.00 per month per child from the appellant.) No explanation was provided for the calculation of the child support amount of $585.00.
On February 2, 1998, appellant filed a Motion for Reduction of Child Support alleging: 1) a change in circumstances due to a reduction in the appellant's income which had occurred because appellant's medical condition had caused him to quit working overtime, and 2) the current support obligation was in excess of the statutory guideline amount due to a mistake in calculating the prior order. A hearing on this Motion for Reduction was set for February 24, 1998, but was continued to March 24, 1998, because appellant's counsel was delayed in trial in Summit County on February 24, 1998.
The Motion for Reduction of Child Support was heard on March 24, 1998, by a Magistrate. Both counsel waived the right to an evidentiary hearing and agreed to proceed on "data as submitted". The Magistrate found that the appellant had been told by his doctor to limit his work week to 40 hours. The Magistrate also found that the yearly gross incomes of the parties were $49,088.00 for appellant and $23,094.00 for appellee. The Magistrate recommended that the appellant's child support be reduced to $370.00 per month per child beginning February 1, 1998, and attached a child support guideline worksheet to his decision. The Magistrate Decision was approved and adopted by the Court as its order on April 6, 1998.
On April 17, 1998, appellee filed a Notice of an Objection to the Magistrate Decision, Summary Objections to the Magistrate Decision (claiming that the Magistrate did not consider appellant's bonus income), a Motion to Stay the reduction in child support, a request for a transcript and a Motion for Extension of Time to File Transcript. On May 13, 1998, the court granted appellee a 14 day extension in which to file a brief in support of the objection. Thereafter, the appellee did not obtain a transcript of the proceedings before the Magistrate because the appellee decided she did not want to expend the money to pay for it. The appellee did not file a brief nor request a hearing on her objection.
On September 21, 1998, the appellant asked the court, in writing, to overrule the appellee's objections to the Magistrate Decision and approve and adopt the Magistrate's Decision. The court did so in an entry filed on September 22, 1998, except the court ordered that the reduction in child support was effective on July 1, 1998, instead of February 1, 1998, as recommended by the Magistrate.
It is from this order setting the date of July 1, 1998, as the effective date to begin the child support reduction that the Appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN ORDERING THE REDUCTION IN APPELLANT'S CHILD SUPPORT OBLIGATION [TO] BECOME EFFECTIVE ON JULY 1, 1998.
In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that an abuse of discretion standard is properly applied by an Appellate court in reviewing matters concerning child support. Abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140, 1142.
In the case at bar, the court appears to have randomly chosen the date of July 1, 1998, as the effective date for the child support modification. The Motion for Modification was filed on February 2, 1998, the first hearing was set for February 24, 1998, and continued to March 24, 1998, the Magistrate issued his decision on March 26, 1998, and it was approved and adopted by the court on April 6, 1998. The filing of the April 17, 1998, objection stayed the Magistrate Decision (see Civil Rule 53 OCRP), but no hearing date was ever set on the objection and no transcript nor brief ever presented to the trial court even though time was granted for that by the trial court in a May 13, 1998, order. In Draiss v Draiss (1990), 70 Ohio App.3d 418, 421, the Ninth District Court of Appeals found that the trial court abused its discretion by arbitrarily assigning a date for the effective date of a retroactive modification of child support. In Draiss, the court went a step further and said, ". . . absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested," (Draiss, pg. 421) The Draiss court relied on the reasoning set forth in Murphy v. Murphy (1984), 13 Ohio App.3d 388,389, 469 N.E.2d 564, 566. The Murphy court found that parties to a child support modification order are entitled to have the order relate back to the date upon which the motion for modification was filed, as "any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations." (See also Hamilton v Hamilton (1995), 107 Ohio App.3d 132)
We find the decision in Murphy to be persuasive except that this court finds that absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date the parties received notice of the request for modification (provided, of course, no party was avoiding notice). This standard provides the best way of making the decisions in regard to the effective date of child support modification consistent, predictable and fair. Provided no special circumstances are found to exist by the trial court, the modification should be effective as soon as the economic circumstances of the parties justify it and all parties have been notified of the request. (See ORC Sec. 3113.21(M)(4)
This is a reversal of this court's previous position. InThottam v. Thottam, 1994 Ohio App. LEXIS 4809 (October 17, 1994), Stark App. No. 1994CA00007, unreported, we found that it was an abuse of discretion to make a child support increase retroactive to the date of the first hearing. In Thottam v. Thottam, 1998 Ohio App. LEXIS 3104 (June 1, 1998), Stark App. No. 1997CA00087, unreported, we found that the trial court did not have to make a child support modification retroactive to the date of the filing of the motion to modify. The first Thottam case involved a support increase from $1,000.00 per month to $4,910.00 per month for each of two (2) children. The second Thottam case dealt with a decrease in support from $4,780.50 per month to $3,633.00 per month for each of two children. The Thottam decisions indicate a preference by this court for setting the effective date of a child support modification as the date of the Magistrate's Decision. While one can argue that this is fair because the parties, after the Magistrate Decision, would be aware of some specific child support number and could, thus, adjust their financial lives around that number, it does not address these two (2) issues: 1) the length of time it takes to process the motion either because of the court's procedures and/or docket or the manipulation by a party and 2) the fact that economic circumstances of the parties justify the modification as soon as the parties receive notice of the request.
In light of the discussion above, Appellant's assignment of error is sustained, and the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is reversed and remanded to the trial court to make an order consistent with this opinion regarding the effective date of the child support modification.
By Edwards, J., Gwin, P.J. and Farmer, J., concur.
_________________________________
_________________________________
 _________________________________ JUDGES
JAE/mec 0304
JUDGMENT ENTRY
CASE NO. 1998CA00279
For the reasons stated in the Memorandum-Opinion on file, is reversed and remanded back to the trial court to make an order consistent wit this opinion regarding the effective date of the child support modification.
_________________________________
_________________________________
 _________________________________ JUDGES