Defendant-appellant Sarah B. O'Neill, a.k.a. Sarah B. Skalkos, appeals from an order of the Domestic Relations Court modifying the amount of child support paid by her former husband plaintiff-appellee David P. O'Neill. Appellant claims that the trial court erred in not following the child support computation worksheet or making findings warranting a deviation therefrom. She further complains that the trial court erred in not awarding the modified child support from March 31, 1994, the date on which the motion to modify was filed. We find merit in part to the appeal.
David P. O'Neill, II (d.o.b. 8/5/59) and Sarah B. O'Neill, a.k.a. Sarah B. Skalkos (d.o.b. 9/15/60) were married on January 7, 1984. They had one child born of the marriage, David P. O'Neill, III (d.o.b. 7/2/86)
In the divorce decree, appellee was ordered to pay $700 per month plus poundage to appellant for child support for David, III. This was higher than the amount dictated by the child support guidelines, but Mr. O'Neill agreed to the deviation. Appellee was further ordered to pay the sum of One Dollar per annum to appellant for spousal support until January 31, 1994. This nominal sum was implemented due to appellee's unfortunate financial circumstances at the time of the divorce decree. At the time of the divorce, appellee was earning $29,335; appellant was making $19,532. The trial court entered the nominal sum to retain jurisdiction over the matter in the event the financial conditions of the parties changed.
On March 19, 1992, appellant filed her motion to modify spousal support based upon appellee's changed financial circumstances. Apparently, Mr. O'Neill's salary had increased to $77,422.30. She also filed motions for contempt for failure to transfer stock dividends, and failure to pay medical bills and other expenses. In addition, on March 31, 1994, she filed her motion to modify child support and motion for attorney fees. All of these motions came on for hearing on March 30, April 12 and June 29, 1994.
The trial court issued its decision on June 30, 1994, subsequently amended by a nunc pro tunc and amended judgment entry on July 6, 1994. The entry modified Mr. O'Neill's child support obligation from $700 per month to $877.27 per month. This figure was based on the parties' 1993 income. The entry further modified Mr. O'Neill's monthly spousal support obligation increasing it from $1 to $500 for the period of time between March 19, 1992 to October 3, 1993 when appellant married Mr. Skalkos. Mr. O'Neill was also ordered to pay appellant $10,000 for reasonable attorney fees.
Mr. O'Neill filed a notice of appeal to this Court on July 6, 1994. This Court sustained two of Mr. O'Neill's assignments of error regarding procedural issues; but did not address the merits of the appeal. The cause was reversed and remanded to the trial court for rehearing since the trial court erred in dismissing with prejudice Mr. O'Neill's claims. O'Neill v. O'Neill, a.k.a. Skalkos (Sept. 14, 1995), Cuyahoga App. No. 67537, unreported.
On remand, the matter came on for hearing on September 3, September 4, and September 8, 1997. Having disposed of all other pending motions, the only matters heard before a visiting judge of the Domestic Relations Court were appellant's motions to modify child support and spousal support and the motion for attorney fees. At the close of the hearing, the trial court issued its decision on September 26, 1997 from which this appeal is taken.
At the time of hearing, appellant, then age 37, was working as an apprentice in the field of interior design. In previous years, including the years from 1994-1996, she worked as an office manager/receptionist at a hair salon. (Tr. 146). At all times relevant, appellee, then age 38, worked as a commercial real estate agent for Ostendorf Morris. The parties' income figures were established for the years 1994 through 1997, as follows:
 Mr. O'Neill's Mrs. O'Neill's
1994 — $140,338.22 1994 — $25,784.00 1995 — $207,135.04 1995 — $30,210.03 1996 — $173,630.50 1996 — $26,512.66
The testimony also revealed that Mr. O'Neill led a very comfortable life style with his new wife, who was earning $50,000 per year as a musician. Mr. O'Neill and his current wife have two separate residences for which Mr. O'Neill pays the majority of expenses in Chicago and San Francisco. Furthermore, Mr. O'Neill also receives substantial gifts from his family, in cash and in kind, including funds to purchase a Saab automobile. Mr. O'Neill also receives reimbursement for his business expenses from Ostendorf Morris. By September 3, 1997, appellee had earned $123,376 for the year; appellant had earned $3,000 through August 1997.
Based on this evidence, the trial court, using the parties' income from 1994, ordered Mr. O'Neill to pay child support in the amount of $1,299 a month plus poundage as of October 1, 1997. Mrs. O'Neill appeals from this order.
 I. THE TRIAL COURT ERRED BY FAILING TO ORDER A CHILD SUPPORT ORDER PURSUANT TO OHIO REVISED CODE SECTION 3113.215 AND THE DIRECTIVES OF THE SUPREME COURT OF OHIO.
Appellant argues that the trial court erred in not ordering a different child support obligation for each of the corresponding years in which there was a fluctuation in appellee's income pending the hearing on her motion for child support modification. Appellant filed her motion to modify child support on March 31. 1994. By the time the matter came on for rehearing on remand, the motion was nearly three and one-half years old.
It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Pauly v. Pauly(1997). 80 Ohio St.3d 386,390. We find no abuse of discretion by the trial court in not modifying the child support for each year subsequent to the date the motion was filed.
When a party moves to have a trial court modify an existing child support order, the trial court must follow the procedures enunciated in R.C. 3113.215(B)(4). Marker v. Grimm(1992),65 Ohio St.3d 139, paragraph two of syllabus. In doing so, the trial court is limited to determining the child support obligation as calculated as of the time the motion was filed. Justinger v.Schlegel(Sept. 26, 1994). Paulding App. No. 11-94-2, unreported. If the trial court was to consider other years subsequent to the motion to modify, it would constitute a sua sponte modification of child support which is not provided for by R.C. 3113.215. Id. The only way in which the trial court could modify for the subsequent years after the motion was filed would be if one of the parties filed a subsequent motion requesting such a modification indicating a change of circumstances. The trial court could also have found that a deviation was necessary to consider the more recent fluctuation in income; however, the trial court found no deviation was necessary in the case herein.Justinger v. Schlegel, supra. The trial court specifically found as follows:
 Then Court finds a paucity of evidence regarding life style, needs, and itemized expenses of care for the minor child, age eleven at the present time, and therefore concludes that it is only fitting and proper in accordance with Ohio Revised Code 3113.215
to adopt the child support obligation as computed in 1994 in the amount of $1,299.00 per pay period, plus 2% poundage, totaling $1,324.98. The Court concludes there is sufficient change in circumstances to support the modification without deviation.
(Sept. 26, 1997 Judgment Entry at 2). The record supports the trial court's conclusion that a deviation from the 1994 income figures was not necessary.
Appellant relies upon this Court's decision in Seegert v.Zietlow(1994). 95 Ohio App.3d 451 to support her argument that the income from each corresponding year should be used in calculating the modified child support obligations. However, we find this case to be distinguishable. In Seegert v. Zietlow
(1994), 95 Ohio App.3d 451, the trial court, in establishing the original child support order in a case in which paternity was established, used the statutory criteria in existence during the relevant years that child support was being calculated and used a separate worksheet in calculating and figuring the amount for each year. This Court affirmed the trial court and found that the law applicable in the corresponding years should be applied in calculating the past child support and that due to the fluctuation in income, the trial court correctly figured each year separately. However, in that case, the trial court was not dealing with a modification but was establishing the initial support obligation. Therefore, at that time the parent seeking support would have no need to file a motion for modification of support based on an increase in the other parent's income, as the issue of support was not yet determined because paternity had just been established. This case did not deal with a fluctuation in income pending a modification of child support.
Appellant's Assignment of Error I is overruled.
 II. THE TRIAL COURT ERRED BY FAILING TO MAKE THE MODIFIED CHILD SUPPORT ORDER RETROACTIVE TO MARCH 31, 1994, THE DATE ON WHICH THE MOTION TO MODIFY CHILD SUPPORT WAS FILED.
In her second assignment of error, appellant argues that the trial court erred in not ordering the child support obligation retroactive to the date the motion was filed. Although the motion was filed March 31, 1994, the trial court ordered the modified child support order to take effect October 1, 1997.
Although the trial court has discretion in determining when the modification is effective, absent special circumstances, an order of a trial court modifying a child support obligation should be retroactive to the date such modification was first requested.Hamilton v. Hamilton(1995), 107 Ohio App.3d 132, 139; State exrel. Draiss v. Draiss(1990), 70 Ohio App.3d 418, 421. Any other holding could produce an inequitable result in view of the substantial time it frequently takes to dispose of motions to modify child support obligations. Murphy v. Murphy(1984),13 Ohio App.3d 388, 389. If the trial court decides in its discretion that the order should not be retroactive to the date of the motion, it must state its reasons for that decision. Oateyv. Oatey(April 25, 1996), Cuyahoga App. No. 67809/67973, unreported at 33-34.
In the case at bar, the trial court failed to set forth any special circumstances to justify its refusal to order the modification effective retroactively to the date the motion was filed on March 31, 1994, nor do we find any basis for not doing so on the record before us. Therefore, this matter is remanded for the trial court to enter an order mandating the modification to apply retroactively to March 31, 1994, the date the motion for modification was filed.
Appellant's Assignment of Error II is sustained.
Judgment affirmed in part and reversed and remanded in part.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO. J., and MICHAEL J CORRIGAN, J., CONCUR.
 ___________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).