This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Jessica L. Jurewicz (nee Jessica Jupina) appeals the order of the Medina Court of Common Pleas, Juvenile Division, which modified the child support obligation of Shawn K. Rice for one child. This Court affirms in part, reverses in part, and remands.
On February 25, 2000, Jurewicz filed a motion for modification of child support and for medical expenses. The matter was assigned to a magistrate, and a hearing was convened. On October 10, 2000, the magistrate rendered her decision. The magistrate decided that a modified child support order was appropriate, and she made specific findings in support of her decision. Jurewicz timely filed objections to the findings of the magistrate. On March 22, 2001, the trial court adopted the recommendations of the magistrate. Though Jurewicz filed a motion for modification on February 25, 2000, the trial court's order made the modification retroactive to September 13, 2000. The trial court also declined to order a lump sum judgment with interest.
Jurewicz has timely appealed, asserting two assignments of error.
 FIRST ASSIGNMENT OF ERROR The trial court committed reversible error when it failed to use the date of the original filing for child support modification on February 25, 2000. In this case, the trial court used the date of the addendum for extraordinary care expenses filed on September 13, 2000.
In her first assignment of error, Jurewicz claims that the trial court erred when it did not order the modified child support to be paid retroactive to February 25, 2000, the date Jurewicz requested the modification. This Court agrees.
In State ex rel. Draiss v. Draiss (1990), 70 Ohio App.3d 418, 421, this Court held that "absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested." To hold otherwise might produce a result that was inequitable considering the substantial time that passes before resolution of motions to modify child support obligations. SeeMurphy v. Murphy (1984), 13 Ohio App.3d 388, 389. Accord Hamilton v.Hamilton (1995), 107 Ohio App.3d 132, 140.
In the instant case, the trial court's order fails to cite to any special circumstances. Accordingly, the trial court erred when it failed to make the modification of child support retroactive to February 25, 2000.
Jurewicz's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR A lump sum judgment for non-reimbursed medical expenses with the legal rate of interest should also be awarded to the Appellant as they have properly requested, were true costs of raising the minor child in this case, and would unfairly place a large financial burden on the Appellant.
In her second assignment of error, Jurewicz claims that the trial court erred when it did not order a lump sum judgment with interest for non-reimbursed medical expenses. This Court disagrees.
As stated supra in the first assignment of error, the order of the trial court modifying child support should be retroactive to February 25, 2000, the date Jurewicz filed her motion to modify child support. Among the modifications ordered by the trial court was that Rice was to retain health insurance for the child. Rice was also charged with paying for the first $100 in unreimbursed medical expenses.
It is well settled that a trial court's ruling on a motion to modify child support is reviewed under an abuse of discretion standard.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The movant has the burden of proof to show that the modification of child support requested was appropriate. See Tremaine v. Tremaine (1996), 111 Ohio App.3d 703.
Jurewicz believes that she is entitled to a lump sum payment for past unreimbursed medical expenses. As set forth supra in the first assignment of error, when the trial court increased the amount of child support, this Court has determined that the increase should have been effective as of the date modification was requested. The recommendations of the magistrate, adopted by the trial court, were express that child support was being modified upwards due in large part to medical expenses for the child (for severe eczema) which were not covered by insurance. The trial court concluded that when Jurewicz set forth unreimbursed medical expenses in the form of previous medical bills, it was done for illustrative purposes to demonstrate the need for an upwards modification of child support, and not as an express request for reimbursement. In her brief Jurewicz fails to rebut or in any way address the trial court's rationale. Before the trial court ruled on March 22, 2001, the record is bereft of any filing that expressly requests reimbursement of past unreimbursed medical expenses.
Jurewicz has failed to demonstrate that the trial court abused its discretion in viewing the proferred medical bills solely as proof of the need for higher child support. Accordingly, Jurewicz's second assignment of error is overruled.
Judgment reversed in part, affirmed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BATCHELDER, P.J., SLABY, J. CONCUR.