{¶ 18} I respectfully dissent from the majority. The judgment of the trial court should be affirmed as the trial court stated sufficient reason for initiating Zamos's award of child support on a date other than the date of the original request for modification of child custody and support.
 {¶ 19} The tortured procedural history of this matter indicates that the parents were divorced in Portage County. In 1999, the mother and the two sons were residing in Geauga County. The mother filed juvenile charges in Geauga County against the child at issue in this matter.
 {¶ 20} The Geauga County Juvenile Court found that the minor was "in effect in his father's custody * * * residing in Portage County." (Emphasis added.) Then, on March 7, 2000, it transferred jurisdiction of the minor to the Portage County Juvenile Court for disposition of the delinquency charges.
 {¶ 21} Presumably the domestic case never left Portage County as earlier the father had filed his motion for a change of custody in the Portage County Domestic Relations Court on June 3, 1999. On July 29, 1999, the Portage County Domestic Relations Court ruled on the motion to the extent it granted Zamos "possession" of the minor without a corresponding change of legal custody or support. For almost eight months, there was little activity.
 {¶ 22} Then, although the order is not in the docket, everyone agrees that on March 15, 2000, the Portage County Juvenile Court, for school purposes, granted temporary custody to the father.[4]
 {¶ 23} The father then renewed his motion for child support with the Portage County Domestic Relations Court on April 25, 2000. Without ruling on this motion, on April 7, 2000, the Portage County Domestic Relations Court transferred the case and "all issues" regarding this minor to the Portage County Juvenile Court where the juvenile case was apparently still pending.
 {¶ 24} Thus, neither the Geauga Juvenile Court nor the Portage County Domestic Relations Court awarded either temporary or permanent custody; choices which would have required a simultaneous review of support.
 {¶ 25} When presented with the issue of child support, the Portage County Juvenile Court magistrate unequivocally indicated he felt he was restricted to the time frame between March 15, 2000 and May 31, 2001; March 15 being the date on which the father was first awarded some type of custody, and May 31 being the date the minor graduated. Thus, the magistrate made child support retroactive to the point in time when more than "possession" had been awarded to the father.
 {¶ 26} The magistrate's report of April 5, 2002, was objected to and a hearing on such objections was conducted by the trial court. The trial court specifically indicated that the hearing was not de novo. Zamos did not provide the trial court with a transcript of the magistrate's hearing.[5] The trial court overruled the objections and issued the judgment currently on appeal.
 {¶ 27} At the hearing and in its entry, the trial court clearly indicated its concern over the previous ruling of the Portage County Domestic Relations Court and its use of the term "possession." That concern is well taken. If the Portage County Domestic Relations Court had intended to make a change in custody, either temporary or permanent, it failed to do so. While the trial court was not sure exactly what the Portage County Domestic Relations Court intended by its ruling, it was clear that it did not intend to award either temporary or permanent custody. Thus, the Portage County Juvenile Court agreed with the magistrate and chose the date when "temporary custody" was actually awarded to the father, March 15, 2000. I find no abuse of discretion in that choice and, thus, dissent.
 {¶ 28} I also dissent from the implication to be drawn from the majority's opinion that the date of the motion to modify is somehow presumptive in terms of the retroactivity concept. My reading of the cases cited leads me to a broader conclusion. The circumstances of a typical modification request are such that the filing date of the motion is generally an appropriate date, notthe appropriate date.
 {¶ 29} In Mauerman v. Mauerman, 11th Dist. No. 2002-T-0049, 2003-Ohio-3876, we referenced our decision in Sutherell v.Sutherell (June 11, 1999), 11th Dist. No. 97-L-296, 1999 Ohio App. LEXIS 2631, where we held that "absent special circumstances, an order of a trial court modifying child support should be retroactive to the date such modification was first requested; the effective date of modification must coincide withsome significant event in the litigation, and an arbitrary date may not be employed." (Emphasis added.) Sutherell at 10, citing Havre v. Havre (Nov. 29, 1966), 11th Dist. No. 96-P-0058, 1996 Ohio App. LEXIS 5407, at 12-13; State ex rel. Draiss v.Draiss (1990), 70 Ohio App.3d 418, 421.
 {¶ 30} I would respectively suggest in hindsight, we left out the word "or" between the foregoing clauses from Sutherell. It should read, "[a]bsent special circumstances, an order of a trial court modifying child support should be retroactive to the date such modification was first requested; [or] the effective date of modification must coincide with some significant event in the litigation, and an arbitrary date may not be employed." Id. at 10. Otherwise, the full statement doe not make sense. This alternative is also more in accord with the origins of the cases cited in Sutherell. Specifically, both Draiss and Havre
make reference to and rely upon Murphy v. Murphy (1984),13 Ohio App.3d 388.
 {¶ 31} Interestingly, in Murphy, the Tenth District Court of Appeals held, "[i]n view of the substantial time it frequently takes to dispose of motions to modify child support obligations, it is not an abuse of discretion of the trial court to order an increase in child support payments retroactive to the date of filing of the motion for modification of support." Id. at paragraph two of the syllabus.
 {¶ 32} Clearly, the Murphy court did not require the retroactive application to the motion date, but merely approved such an award as not being an abuse of discretion.
 {¶ 33} Likewise, in Draiss, the ultimate conclusion of the Ninth District Court of Appeals was that the retroactive date selected by the trial court was random and "fail[ed] to coincide with any significant event in this litigation[.]" Id. at 421. Accordingly, the Ninth District determined that the trial court abused its discretion. Id. In doing so, the Ninth District stated, "[w]hile there may exist some circumstance of sufficient moment to indicate a retroactive date other than the day of filing, this decision is before the trial court upon our remand" Id.
 {¶ 34} Thus, a close reading of the authorities for the cites relied upon by the majority indicates that one could generally conclude that many cases will appropriately use the filing date of a motion for modification of child support. This is more of a statistical observation rather than a legal pronouncement.
 {¶ 35} It would be an overstatement to say that such a choice is presumptive. Instead, it would seem to be more accurate to say that while, in general, the filing date is an appropriate date, it is not necessarily presumptive. Any date picked which has special circumstances or significant relevance to the facts would not be an abuse of discretion. See, also, Krzynowek v.Kryznowek (Mar. 2, 2000), 8th Dist. No. 75893, 2000 Ohio App. LEXIS 774, at 10-11, (stating "[w]e also note that modification of a child-support order may, generally, be retroactively applied to the date such modifications were first requested; in other words, normally to the date the motion for modification was filed. Also, this retroactivity determination is left to the sound discretion of the trial court."). (Emphasis added.)
 {¶ 36} The instant case abounds with such "significant events" and "special circumstances" as were referred to inDraiss and Sutherell. I fail to see how the Portage County Juvenile Court abused its discretion in not electing June 3, 1999, the date of the father's first motion to the Portage County Domestic Relations Court as the effective date of child support. I would affirm.
[4] The magistrate's report and the judgment entry appealed from in the instant matter specifically refer to this order of temporary custody being made on March 15, 2000.
[5] Perhaps appellant should have. See, e.g., Walther v.Newsome (Sept. 5, 2003), 11th Dist. No. 2002-P-0019, 2003-Ohio-4723, (When no transcript is provided to the trial court in support of objections to a magistrate's decision, an appellate court is limited to determining whether the trial court abused its discretion in adopting the magistrate's decision. Also, the party is, thus, precluded from arguing factual determinations on appeal.) Based on the facts set out by the magistrate, the legal conclusion reached by the court was correct.