JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, Jo Anne Rush, appeals from a judgment of the Cuyahoga County Common Pleas Court, Domestic Relations Division. She argues that the court erred by sustaining objections of the defendant-appellee, Regis V. Oblinger, to a magistrate's report, and by allowing appellee an extension of time in which to file his objections. We find no error in the court's rulings and affirm its judgment.
 Procedural History {¶ 2} The parties were married on July 8, 1998. Appellant filed her complaint for divorce on September 21, 2001. Appellee answered and counterclaimed for divorce on October 23, 2001. Trial commenced before a magistrate on November 12, 2002 and continued on various dates in November 2002, January 2003, and March 2003, and was finally completed on June 6, 2003.
 {¶ 3} The magistrate issued her decision on September 29, 2004. On October 21, 2004, appellee sought an extension of time to file his objections to the magistrate's decision, asserting that he was out of town at the time the decision was issued and did not receive the decision until after the fourteen-day period for filing objections had expired. The court granted appellee an extension of time to November 22, 2004.
 {¶ 4} Appellee filed objections simultaneously with his motion for an extension of time, but subsequently filed amended objections to the magistrate's report on November 18, 2004 raising eight objections. Appellant opposed them. On March 11, 2005, the court sustained two of appellee's objections "as to the separate property nature of the Mastick Road property and the effective date of Defendant's reimbursement for medical expenses * * *." The court then referred the matter back to the magistrate for an amended decision.
 {¶ 5} The magistrate issued her amended decision on March 29, 2005. In her amended decision, the magistrate concluded that appellee had established that $43,177.61 of his separate funds were used to pay off a mortgage on property located at 20820 Mastick Road which the parties had stipulated to be the separate property of appellant. The magistrate concluded that appellant's evidence fell short of establishing, by clear and convincing evidence, that appellee intended the transfer of funds to be a gift. However, the magistrate found that appellee had not presented sufficient information to allow the court to calculate the separate property component on any increase in the value of the property. Therefore, the magistrate proposed that "the judgment entry of divorce shall include a judgment in favor of [appellee] against [appellant] in the amount of $43,177.61" plus statutory interest from the date of the judgment. The magistrate further ordered appellant to reimburse appellee $269.58 per month for the cost of health insurance appellee maintained for her, from the date appellee moved the court to compel this reimbursement until the date appellant was removed from his insurance plan.
 {¶ 6} Both parties objected to the magistrate's decision. On June 7, 2005, the court overruled the objections, adopted the magistrate's decision, and ordered counsel for appellee to prepare a judgment entry reflecting the magistrate's recommended order. On June 24, 2005, the court entered its final judgment.
 Law and Analysis {¶ 7} We address the appellant's assignments of error out of order. In her second assignment of error, appellant contends that the court abused its discretion by granting appellee's request for an extension of time to file objections to the first magistrate's decision. Appellee's request for an extension of time was filed after the expiration of the fourteen-day period under Civ.R. 53(E)(3)(a) for filing objections to the magistrate's decision. Pursuant to Civ.R. 6(B), when "an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." A ruling by the trial court on such a motion will be upheld absent an abuse of discretion. MarionProd. Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 271. Appellant argues that appellee did not demonstrate excusable neglect, claiming that appellee's attorneys failed to explain why they did not file a motion for an extension of time before the expiration of the time for filing objections. "In determining whether neglect is excusable or inexcusable, all the surrounding facts and circumstances must be taken into consideration.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122, syllabus. Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." Marion Prod., 40 Ohio St.3d at 271.
 {¶ 8} We cannot say that the court abused its discretion by finding that appellee's failure to file objections within the specified time period was the result of excusable neglect. The motion for an extension of time was filed only five calendar days (three business days) after the objections were due. There is no evidence that appellant was prejudiced by the delay. Civil Rule 6(B) did not require appellee to explain why he failed to request an extension of time before the time period for objections had expired, but only to explain why he failed to file objections within the requisite period. The asserted fact that appellee was out of town and unable to review the magistrate's decision sufficiently showed an excusable reason why the objections were not timely filed. Accordingly, we overrule the second assignment of error.
 {¶ 9} In her first assignment of error, appellant contends that the court erred by sustaining appellee's objections to the magistrate's report filed September 29, 2004. Appellant argues that the objections concerned issues of fact and that appellee did not supply the court with a transcript of the trial proceedings which would have allowed the court to review those findings. We reject the appellant's characterization of these issues as factual.
 {¶ 10} The court sustained appellee's objections on two issues, (1) the "separate property nature of the Mastick Road property" and (2) the "effective date of Defendant's reimbursement for medical expenses." The "separate property nature of the Mastick Road property" related to appellee's contention that the Mastick Road property was partially marital property because he contributed money toward payment of the mortgage. The magistrate's first report found that appellant had supplied clear and convincing evidence that this money was a gift, and that appellee had failed to demonstrate that the funds were intended as a loan. However, appellee's objections to the magistrate's decision asserted that the money was neither a gift nor a loan but a contribution to the equity in the home which should therefore be considered marital property. See R.C.3105.171(A)(3) (defining marital property to include "all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage"). The magistrate's decision did not address this argument. The court did not err by sustaining the objection and remanding for the magistrate to consider this issue in an amended decision.
 {¶ 11} The "effective date of Defendant's reimbursement for medical expenses" concerned the date from which appellant was required to reimburse appellee for the cost of health insurance. The magistrate's first decision concluded that appellant should reimburse appellee from January 1, 2004. The decision did not explain why the magistrate chose this date. Appellee's objections claimed that the court should have begun the period of reimbursement from July 18, 2003, the date appellee filed his motion to terminate his obligation to provide health insurance, which had been imposed pursuant to a restraining order issued by the court on December 14, 2001.
 {¶ 12} Providing health insurance for a spouse is a form of spousal support. Goode v. Goode (1991), 70 Ohio App.3d 125,131; R.C. 3105.18(A) (defining spousal support to include any payment to a third party for the benefit of a spouse or former spouse for the spouse's support and sustenance). Thus, the court's restraining order must be viewed as an order for temporary spousal support. See R.C. 3105.18(B); Civ.R. 75(N)(1). A party can move the court to modify an order of temporary support. Civ.R. 75(N)(2). The trial court's decision whether to modify the temporary support order is reviewed for abuse of discretion. A party seeking modification of a support order is entitled to have the modification relate back to the date the motion to modify was filed, Murphy v. Murphy (1984),13 Ohio App.3d 388, 389, absent some special circumstances which justify a different date. State ex rel Drais v. Drais (1990),70 Ohio App.3d 418, 420-21. Therefore, the court did not abuse its discretion by upholding appellee's objection to the magistrate's decision to make the modification effective January 1, 2004.
 {¶ 13} While we affirm the trial court's judgment, we must nevertheless remand for the purpose of allowing the court to correct the judgment entry to reflect a judgment in favor of appellee in the amount of $43, 177.61 plus interest. While the court's judgment entry concluded that appellee was entitled judgment in this amount, the court did not actually enter the judgment. The court has jurisdiction to correct this oversight pursuant to Civ.R. 60(A).
Affirmed and remanded.
This cause is affirmed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. concurs.
 Corrigan, J. Dissents (see dissenting opinion attached).