This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Scott Harbottle, appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms in part, reverses in part, and remands.
 I.
{¶ 2} The parties were divorced on March 16, 1995. They have two minor children — Thomas, born May 10, 1989, and Alan, born August 24, 1991. The parties entered into a shared parenting plan, which was incorporated into the divorce decree. The shared parenting plan did not designate either parent as the residential parent. In addition to the shared parenting plan, the parties entered into a private agreement, which was incorporated into the shared parenting plan.
{¶ 3} On or about March 23, 2000, appellee, Ann Woodley Harbottle, informed appellant that she had been offered a position as a professor in Arizona. On May 2, 2000, appellant filed a motion requesting that the trial court modify the terms of the shared parenting plan and designate him as the primary residential parent and legal custodian of the parties' two minor children. Appellee also filed a motion requesting the trial court to modify the terms of the shared parenting plan or in the alternative to terminate the shared parenting plan and designate her as the primary residential parent and legal custodian of the minor children as a result of her intent to relocate to Arizona. Appellee also requested that appellant be found in contempt for failing to comply with the private agreement incorporated into the final divorce decree.
{¶ 4} The matter was referred to a magistrate and the magistrate's decision was issued on August 14, 2001. The magistrate's decision granted appellee's motion to modify the shared parenting plan to permit her to relocate with the minor children to Arizona. The magistrate granted appellant a child support deviation to $994.71 per month due to the expense of transportation to and from Arizona.
{¶ 5} Both parties filed objections to the magistrate's decision. The trial court denied both parties' objections and adopted the magistrate's decision in its entirety.
{¶ 6} Appellant timely appealed, raising nine assignments of error for review. Appellee cross-appealed, raising seven assignments of error.
{¶ 7} This Court will first consider appellant's appeal.
 II. FIRST ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS ORDERS OVERRULING APPELLANT'S MOTIONS DATED MAY 2, 2000, AND JULY 12, 2000, REQUESTING A MODIFICATION OF THE SHARED PARENTING PLAN AND A MODIFICATION OF APPELLANT'S CHILD SUPPORT OBLIGATION."
 SECOND ASSIGNMENT OF ERROR {¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS ORDER SUSTAINING APPELLEE'S MOTION FOR MODIFICATION OF THE SHARED PARENTING PLAN AUTHORIZING A RELOCATION OF THE MINOR CHILDREN FROM OHIO TO ARIZONA."
 THIRD ASSIGNMENT OF ERROR {¶ 10} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO FIND AND ORDER THAT BOTH PARTIES ARE THE RESIDENTIAL PARENTS OF THE MINOR CHILDREN BY VIRTUE OF THE SHARED PARENTING PLAN WHICH WAS ADOPTED BY THE TRIAL COURT AS A SHARED PARENTING DECREE AND INCORPORATED INTO THE JUDGMENT ENTRY OF DIVORCE."
 FOURTH ASSIGNMENT OF ERROR {¶ 11} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO RECOGNIZE THE INTENT AND AGREEMENT OF THESE PARTIES SET FORTH IN THE SHARED PARENTING PLAN WAS THAT THE CHILDREN WOULD RESIDE WITH BOTH PARENTS IN NORTHEASTERN OHIO."
 FIFTH ASSIGNMENT OF ERROR {¶ 12} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO COMPLY WITH OHIO REVISED CODE SECTION 3109.04(E)(1)(a) WHICH PROHIBITS THE MODIFICATION OF A SHARED PARENTING DECREE UNLESS THE COURT FIRST FINDS THAT A MODIFICATION IS IN THE BEST INTERESTS OF THE CHILDREN AND ALSO THAT ANY HARM TO THE CHILDREN FROM RELOCATION MUST BE OUTWEIGHED BY THE ADVANTAGES OF SUCH RELOCATION."
 SIXTH ASSIGNMENT OF ERROR {¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO RECOGNIZE THAT THE APPELLEE HAS THE BURDEN OF PROOF TO ESTABLISH THAT THE PROPOSED RELOCATION OF THE MINOR CHILDREN FROM OHIO TO ARIZONA IS IN THE BEST INTERESTS OF THE CHILDREN."
 SEVENTH ASSIGNMENT OF ERROR {¶ 14} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS FAILURE AND REFUSAL TO GRANT APPELLANT'S MOTION IN LIMIN[E] FILED ON DECEMBER 11, 2000, REQUESTING THAT THE COURT PROHIBIT TESTIMONY AND EVIDENCE OF THE CHILDREN'S ADAPTATION AND ASSIMILATION INTO THE APPELLEE'S NEW HOME ENVIRONMENT IN ARIZONA."
{¶ 15} Appellant's first seven assignments of error attack the trial court's decision to modify the shared parenting plan entered into by the parties which was incorporated into their divorce decree. They will be combined for ease of discussion.
{¶ 16} Ohio law permits a parent that is a party to a shared parenting plan to move a trial court to modify the shared parenting plan. R.C. 3109.04 governs the determination of whether the modification of a shared parenting plan is warranted. R.C. 3109.04(E) requires: (1) a material change in circumstances of either the child or the residential parent; (2) the modification is certain to serve the best interest of the child; and, (3) one of the following:
 {¶ 17} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 {¶ 18} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 {¶ 19} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a). See, also, Davis v. Flickinger
(1997), 77 Ohio St.3d 415, paragraph two of the syllabus.
{¶ 20} A trial court's application of R.C. 3109.04(E)(1) to the facts of a particular case will not be disturbed on appeal absent an abuse of discretion. Davis, 77 Ohio St.3d at paragraph one of the syllabus. An abuse of discretion is more than mere error; it implies that the trial court's attitude was "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. An appellate court must affirm the factual conclusions of the trial court if it finds they are supported by competent, credible evidence. Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113.
{¶ 21} It is uncontroverted that appellee's decision to accept employment in Arizona and move there with the boys constituted a change in circumstances since the parties divorced. Therefore, this Court will begin its discussion with whether the trial court abused its discretion in finding that a modification of the shared parenting plan was in the best interest of the children.
{¶ 22} In addition to R.C. 3109.04(E)(1), R.C. 3109.04(B)(1) also requires the trial court to take into account that which would be in the best interest of the children when modifying an existing order which allocates parental rights and responsibilities. R.C. 3109.04(F)(1) sets forth a nonexclusive list of considerations in determining a child's best interest and provides, in pertinent part:
 {¶ 23} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 24} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 25} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 26} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 27} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 28} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 29} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 {¶ 30} "(i) Whether * * * one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 {¶ 31} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
{¶ 32} Appellant argues that the trial court failed to consider these factors in reaching its decision. However, a review of the record shows that the trial court included its analysis of each of the factors set forth in R.C. 3109.04(F)(1) in its final entry. Appellant specifically argues that the trial court did not include findings of fact with respect to the home community in which the boys had been living prior to the proposed move. However, the trial court stated: "the children were adjusted to both of their homes in Ohio and have adjusted very well to their temporary residence in Arizona."
{¶ 33} Appellant also argues that the trial court abused its discretion by denying his motion in limine requesting that testimony and evidence of the children's adaptation and assimilation into appellee's new home environment in Arizona be excluded.
{¶ 34} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Except as otherwise provided, "[a]ll relevant evidence is admissible," whereas "[e]vidence which is not relevant is not admissible." Evid.R. 402. "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. However, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A).
{¶ 35} As discussed above, R.C. 3109.04(F)(1) lists some of the factors that the court is to consider when determining what is in the children's best interest. However, the inquiry of the court is not limited as to whether it can consider the circumstances surrounding where the children are presently living or were living. R.C. 3109.04(F)(1)(d) requires the court to consider the children's adaptation to their home, school, and community. In this case, the trial court stated specifically in its entry that it had considered the boys' lives in Ohio and in Arizona.
{¶ 36} Appellant argues that appellee should have been made to demonstrate that her desire to move was the result of an economic necessity. This Court disagrees.
{¶ 37} R.C. 3109.04 places no such burden on a party wishing to modify a prior decree allocating parental rights and responsibilities in order to permit him or her to move to another state with his or her children. The purpose of R.C. 3109.04(F)(1) is to assist the court in determining what is in the best interest of the child or children.
{¶ 38} Appellant cites Rohrbaugh v. Rohrbaugh (2000),136 Ohio App.3d 599, to support his assertion that a party seeking to relocate must prove economic necessity. However, after a careful review of Rohrbaugh, this Court disagrees. In Rohrbaugh, the court discussed the fact that the mother who was seeking to relocate with the children was the only parent that was employed in its discussion of whether a change in circumstances had occurred and its discussion of what was in the children's best interest. However, the court in Rohrbaugh did not place a burden on the mother to prove an economic necessity. Rather, it focused its inquiry on: (1) whether the mother's accepting employment in Columbus constituted a change of circumstances; and (2) whether the mother sought to move to Columbus in order to interfere with the father's visitation. In this case, the fact that a change of circumstances has occurred is uncontroverted. In addition, the trial court found that appellee did not move in order to interfere with appellant's visitation.
{¶ 39} Appellant also asserts as error the fact that the trial court found that the shared parenting plan did not designate either parent as the residential parent. A review of the plan reveals that it does not designate either parent as the residential parent. In such a case, R.C. 3109.04(K)(6) provides:
 {¶ 40} "Unless the context clearly requires otherwise and except as otherwise provided in the order, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, each parent, regardless of where the child is physically located or with whom the child is residing at a particular point in time, as specified in the order, is the `residential parent,' the `residential parent and legal custodian,' or the `custodial parent' of the child."
{¶ 41} Therefore, unless the court orders otherwise, both parents are required to be treated as the residential and legal parent. Appellant offers no proof that the trial court failed to recognize his status as a residential parent. He simply states that the court "essentially failed to recognize that the Appellant is one of the residential parents of the minor children by virtue of the Shared Parenting Decree approved by the court in 1995." This Court finds nothing in the record to suggest that the trial court did not treat appellant as a residential parent.
{¶ 42} Appellant's fourth and sixth assignments of error bring this Court's attention to the provisions of the shared parenting plan. In appellant's fourth assignment of error, he claims that the shared parenting plan evidences an agreement by the parties that the children would reside with both parents in northeastern Ohio. In his sixth assignment of error, appellant argues that the trial court erred when it failed to place the burden of proof on appellee to establish it would be in the best interest of the children to move them to Arizona.
{¶ 43} A shared parenting plan is a contract. See Boldt v. Boldt
(Dec. 9, 1998), 9th Dist. No. 18736. Thus, in interpreting and enforcing provisions of a shared parenting plan, a court must follow the rules of contract construction and interpret the shared parenting plan "so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." Skivolocki v. East Ohio Gas Co. (1974),38 Ohio St.2d 244, paragraph one of the syllabus. If the terms in a shared parenting plan are unambiguous, then the words must be given their plain, ordinary, and common meaning. See Forstner v. Forstner (1990),68 Ohio App.3d 367. Further, because the construction of written contracts is a matter of law, this Court must make a de novo review of the meaning of the shared parenting plan. Alexander v. Buckeye Pipe LineCo. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus.
{¶ 44} After reviewing the language of the shared parenting plan, this Court does not find the provisions of the plan ambiguous on the issue of whether either parent may relocate. The plain language of the plan does not prohibit relocation of either parent or the children. To the contrary, the plain language of the shared parenting plan indicates that the parties, did, in fact, consider the possibility of relocation and included provisions for such an event. Article 3 of the plan states, in pertinent part:
 {¶ 45} "The description of the present residences of the parties is not intended to restrict their ability to move to a new location of their choice. It is the intention of the parties, however, that this Parenting Plan is based upon the parties living within the Northeast Ohio area."
 {¶ 46} Article 10 of the plan provides, in relevant part:
 {¶ 47} "This agreement is based upon the geographical proximity of the residences of the parents. In the event that either parent should move their residence such that the intentions of the parties under this plan cannot be effected, this will constitute such a change of circumstances as to require modification of the plan."
{¶ 48} It is clear from the foregoing provisions that the parties intended to allow the relocation of either parent or the children.
{¶ 49} Courts have held that "where a divorce decree or shared parenting plan expressly or impliedly prohibits the removal of the parties' children from the jurisdiction, the burden is upon the parent requesting the relocation to demonstrate that the decree should be modified to permit removal." (Citation omitted.) Johnson-Woolridge v.Woolridge (July 26, 2001), 10th Dist. No. 00AP-1073. Conversely, where the shared parenting plans does prohibit the removal of the parties' children from the jurisdiction, the burden is upon the parent not seeking relocation to prove that a modification of the decree to prohibit removal is required. Id. In other words, when a shared parenting plan places no restrictions on the parties' right to relocate, the burden of proof is upon the party seeking modification of the plan. By its provisions, R.C.3109.04(E)(1)(a) also places the burden of proof upon the party wishing to modify the shared parenting plan. In this case, both parties petitioned the court for modification of the shared parenting plan. Therefore, they each had the burden of proving that the modification they sought was in the children's best interest.
{¶ 50} In summary, this Court finds the plain language and meaning of the shared parenting plan in the present case did not include an express or implied prohibition against relocating the children to another state, and, therefore, appellee did not have the burden to establish that relocation was in the best interest of the children.
{¶ 51} Appellant cites several Ohio cases for the assertion that Ohio law favors both parents' involvement in their children's lives, support of a close and ongoing relationship between the children and both parents, and liberal shared parenting plans where possible. It is true that several Ohio cases have stated support for the participation of both parents in the raising of their children whenever such is in the best interests of the children. Ultimately, however, the discretion to determine what is in the children's best interest lies with the trial court. No presumption exists in Ohio that deference should be given to either the moving or the nonmoving party.
{¶ 52} In addition to challenging the trial court's ruling to modify the shared parenting plan, appellant argues that his motion to modify his child support obligation, which was filed on July 12, 2000, should have been granted. Appellant makes a related argument in his ninth assignment of error. Therefore, this Court will discuss the trial court's ruling regarding appellant's child support obligation in conjunction with appellant's ninth assignment of error.
{¶ 53} Appellant's first seven assignments of error are overruled.
 EIGHTH ASSIGNMENT OF ERROR {¶ 54} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY PERMITTING THE TESTIMONY OF CAROL MILLER AS A PROFFER OF EVIDENCE AFTER GRANTING APPELLANT'S MOTION IN LIMIN[E] DATED AUGUST 10, 2000, TO EXCLUDE SAID TESTIMONY."
{¶ 55} In his eighth assignment of error, appellant argues that the trial court abused its discretion by permitting the testimony of Carol Miller as a proffer of evidence after granting his motion in limine dated August 10, 2000, to exclude said testimony. This Court disagrees.
{¶ 56} "A motion in limine is a request for a preliminary order regarding the admissibility of evidence that a party believes may be improper or irrelevant. The purpose of a motion in limine is to alert the court and counsel of the nature of the evidence in order to remove discussion of the evidence from the presence of the jury until the appropriate time during trial when the court makes a ruling on its admissibility. An appellate court need not determine the propriety of an order granting or denying a motion in limine, unless the claimed error is preserved by an objection, proffer, or ruling on the record at the proper point during the trial. In order for an appellate court to review the propriety of the exclusion of evidence, the party claiming prejudice must proffer into the record the substance of the excluded evidence. This enables the reviewing court to `determine whether or not the [ruling] of the trial court [was] prejudicial.'" (Citations omitted.) Nurse GriffinIns. Agency, Inc. v. Erie Ins. Group, (Nov. 7, 2001), 9th Dist. No. 20460.
{¶ 57} Therefore, "[a]t trial, it is incumbent upon a [party] who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." State v. Grubb (1986), 28 Ohio St.3d 199, paragraph two of the syllabus.
{¶ 58} In the case sub judice, the trial court granted appellant's motion in limine to exclude the testimony of Ms. Miller. Therefore, if appellee wanted to preserve the right to raise the issue of the trial court's granting of appellant's motion in limine on appeal, she had the duty to proffer Ms. Miller's testimony. It would have been an abuse of discretion for the trial court to not allow the proffer of this testimony.
{¶ 59} Appellant's eighth assignment of error is overruled.
 NINTH ASSIGNMENT OF ERROR {¶ 60} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ITS FAILURE OR REFUSAL TO ALLOCATE TO THE APPELLEE THE TRANSPORTATION COSTS ASSOCIATED WITH THE CHILDREN'S VISITATION/COMPANIONSHIP, AND ALSO BY ITS FAILURE AND REFUSAL TO EXCUSE APPELLANT FROM PAYMENT OF CHILD SUPPORT DURING THOSE PERIODS OF HIS EXTENDED VISITATION/COMPANIONSHIP AND THE CORRESPONDING FAILURE AND REFUSAL OF THE TRIAL COURT TO REQUIRE THE APPELLEE TO PAY APPELLANT CHILD SUPPORT DURING ANY EXTENDED PERIOD OF TIME WHEN THE CHILDREN RESIDE WITH HIM."
{¶ 61} Appellant argues: (1) the trial court abused its discretion by overruling appellant's motion dated July 12, 2000, requesting a modification of his child support obligation; (2) the trial court abused its discretion by failing to allocate to the appellee the transportation costs associated with the children's visitation/companionship; (3) the trial court abused its discretion by its failure and refusal to excuse appellant from payment of child support during those periods of his extended visitation/companionship; and (4) the trial court abused its discretion by failing to require the appellee to pay appellant child support during any extended period of time when the children reside with him.
{¶ 62} Specifically, appellant argues that the court should have suspended his child support obligation during his visitation with the children in the summer and that appellee should have been ordered to pay child support during this time. In addition, appellant argues that the trial court abused its discretion by not requiring appellee to bear half of the financial burden for payment of transportation costs for the children during spring break, summer vacation, and Christmas break visitation.
{¶ 63} In order to be modifiable, the difference between child support, as newly determined, and child support, as originally ordered, must be greater than ten percent of the original support amount. See R.C. 3119.79(A). In this case, the trial court found that the difference between what appellant was required to pay under the existing order and what he should be paying as of that date was less than the 10% difference required to mandate a change.
{¶ 64} Under Ohio law, before a trial court can deviate from the Child Support Guidelines and the worksheet calculated child support amount that is "rebuttably presumed" to be correct, it must fully comply with the requirements set forth in R.C. 3113.215(B)(1)(a) and (b). SeeMarker v. Grimm (1992), 65 Ohio St.3d 139, 141-142. That statute provides that the amount of support calculated, utilizing the worksheet, shall be ordered to be paid as child support unless both of the following apply:
 {¶ 65} "(a) The court, after considering the factors and criteria set forth in [R.C. 3113.215(B)(3)], determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child.
 {¶ 66} "(b) The court enters in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." R.C. 3113.215(B)(1)(a) and (b).[1]
{¶ 67} In turn, R.C. 3113.215(B)(3) sets forth sixteen factors and criteria that a court may consider when determining whether a deviation from the amount calculated according to the worksheet would be unjust or inappropriate, and not in the best interest of the child. One of the factors that the court may consider is extraordinary visitation costs. R.C. 3113.215(B)(3)(d).
{¶ 68} The Supreme Court of Ohio has held that a parent paying child support under a shared parenting plan is not entitled to an automatic credit for the time his children reside with him. Pauly v.Pauly (1997), 80 Ohio St.3d 386. Rather, the court explained that R.C. 3115.215(B)(6)(a) provided for such circumstances. Id. at 389. R.C.3113.215(B)(6)(a) provides, in relevant part:
 {¶ 69} "[T]he court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interests of the child because of the extraordinary circumstances of the parents or because any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from [that] amount[.]"
{¶ 70} While the trial court did not find that a modification in appellant's child support obligation was warranted pursuant to its calculations, upon considering the transportation costs appellant would incur in exercising his visitation with the boys, the trial court granted a deviation of $187.50 per month in his child support obligation. In deciding to grant the deviation, the trial court calculated the amount pursuant to R.C. 3113.215(B)(6)(a) and determined that the amount was inappropriate and not in the children's best interest. The trial court then made an adjustment to appellant's child support obligation based on the transportation costs it projected appellant would incur as a result of its ruling. The trial court stated findings of fact to support its conclusion.
{¶ 71} After a review of the record, this Court cannot conclude that the trial court abused its discretion in determining the amount of appellant's child support obligation. Consequently, appellant's ninth assignment of error is overruled.
 III. CROSS-APPEAL
{¶ 72} Now, we turn to appellee's cross appeal wherein she submits the following assignments of error:
 FIRST ASSIGNMENT OF ERROR {¶ 73} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING CROSS-APPELLANT'S MOTION FOR CONTEMPT."
 SECOND ASSIGNMENT OF ERROR {¶ 74} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING THE MOTION IN LIMINE TO EXCLUDE THE INTRODUCTION OF THE PRIVATE PORTION OF THE PARTIES' SEPARATION AGREEMENT."
 THIRD ASSIGNMENT OF ERROR {¶ 75} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING CROSS-APPELLEE'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF CAROL MILLER."
 FOURTH ASSIGNMENT OF ERROR {¶ 76} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO CONSIDER TESTIMONY RELATIVE TO CROSS-APPELLEE'S BREACH OF THE PARTIES' SEPARATION AGREEMENT."
{¶ 77} In her first four assignments of error, appellee maintains that the trial court abused its discretion by not hearing evidence on her motion for contempt. This Court agrees.
{¶ 78} As previously stated, the parties entered into a private agreement which was incorporated into the shared parenting plan. The plan discusses what the parties determined was in the children's best interest regarding various subjects that the parties felt should not be made public record. However, the private agreement does allow both appellee and appellant to submit the private agreement to the court, under seal, if either party seeks a modification of the shared parenting plan.
{¶ 79} In this case, appellee filed a motion for contempt along with her motion to modify the shared parenting plan based on her desire to move to Arizona. Appellee forwarded a copy of the private agreement to the trial court under seal. Appellant filed a motion in limine to exclude the private agreement. The trial court granted appellant's motion in limine regarding the private agreement.
{¶ 80} The issue of the private agreement was raised again at trial. The trial court would not allow appellee to introduce the private agreement into evidence either in support of her motion for modification or in support of her motion for contempt. The trial court also precluded appellee from introducing testimony regarding appellant's alleged violations of the private agreement either in support of her motion to modify or in support of her motion for contempt. The trial court went on to deny appellee's motion for contempt.
{¶ 81} This Court finds that the trial court abused its discretion in denying appellee's motion for contempt without first hearing evidence regarding the motion.
{¶ 82} Appellee also argues that the court abused its discretion when it granted appellant's motion in limine to exclude the testimony of Carol Miller.
{¶ 83} Appellant's sole reason for wanting the testimony of Carol Miller excluded was that she had been the parties' mediator. However, appellee's counsel explained to the trial court that Ms. Miller was a counselor with whom the parties had consulted regarding matters contained in their private agreement. A review of the proffer made by Ms. Miller reveals that she was in fact a counselor, not a mediator. Furthermore, Ms. Miller's proffer went to the question of whether appellant had breached the parties' private agreement and what was in the children's best interest.
{¶ 84} Appellee's first four assignments of error are sustained.
 FIFTH ASSIGNMENT OF ERROR {¶ 85} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN MAKING THE DEVIATION FROM THE OHIO CHILD SUPPORT GUIDELINES RETROACTIVE TO JULY 12, 2000."
{¶ 86} In her fifth assignment of error, appellee argues that the trial court abused its discretion in making the deviation from the Ohio Child Support Guidelines retroactive to July 12, 2000. Specifically, appellee argues that the trial court based the deviation solely on appellant's estimated transportation costs were he to exercise his visitation rights three times per year without hearing any evidence on what it would actually cost to fly the boys round trip from Arizona to Ohio. This Court agrees.
{¶ 87} In State ex rel. Draiss v. Draiss (1990), 70 Ohio App.3d 418,421, this Court held that "absent some special circumstance, an order of a trial court modifying child support should be retroactive to the date such modification was first requested." To hold otherwise might produce a result that was inequitable considering the substantial time that passes before resolution of motions to modify child support obligations. SeeMurphy v. Murphy (1984), 13 Ohio App.3d 388, 389. Accord Hamilton v.Hamilton (1995), 107 Ohio App.3d 132, 140.
{¶ 88} In this case, the trial court based the amount of the deviation in appellant's child support obligation on the expenses he would incur for future visits with the boys. No evidence was presented as to the amount of expenses appellant had already incurred and none was entered regarding what his projected costs would be for the future. Therefore, the trial court abused its discretion in making the deviation retroactive.
{¶ 89} Appellee's fifth assignment of error is sustained.
 SIXTH ASSIGNMENT OF ERROR {¶ 90} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ORDERING ONLY A TWO-WEEK NOTICE FOR WEEKEND COMPANIONSHIP."
 SEVENTH ASSIGNMENT OF ERROR {¶ 91} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SPLITTING CROSS-APPELLANT'S TWO WEEK SUMMER COMPANIONSHIP."
{¶ 92} Appellee's sixth and seventh assignments of error involve the trial court's ruling regarding appellant's visitation with the boys. Therefore, the two assignments of error will be combined for ease of discussion.
{¶ 93} Appellee argues that the trial court abused its discretion in ordering only a two-week notice for weekend companionship and splitting her two-week summer companionship. This Court disagrees.
{¶ 94} It is axiomatic that, pursuant to R.C. 3109.05(A), a trial court is vested with broad discretion to make reasonable orders with respect to parental visitation issues. Appleby v. Appleby (1986),24 Ohio St.3d 39, 41. However, this discretion is not limitless in that the trial court is required to consider the sixteen factors laid out in R.C. 3109.051(D) when making its determination. Moreover, this discretion must always be exercised in a manner that protects the best interest of the child. Zimmerly v. Zimmerly (June 26, 1990), 3rd Dist. No. 12-89-18.
{¶ 95} After a review of the record, this Court cannot hold that the trial court abused its discretion with regards to appellant's scheduled visitation.
{¶ 96} Cross-appellant's sixth and seventh assignments of error are overruled.
 IV.
{¶ 97} Appellant's seven assignments of error are overruled. The first, second, third, fourth, and fifth assignments of error in appellee's cross-appeal are sustained. The sixth and seventh assignments of error in appellee's cross-appeal are overruled. The decision of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the matter is remanded for actions consistent with this opinion.
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] This Court notes that R.C. 3113.215 was repealed effective March 22, 2001. R.C. 3119.22 now includes the relevant section pertaining to the matters at issue in this case. However, since R.C. 3113.215 was in effect at the time the parties filed this action, this Court has applied the language of that section.